SMITH, S.J.,
Defendants are charged with involuntary manslaughter arising out of the death of workman, Claire A. Grossman, an employee at a construction site. The decedent was killed on October 18, 1989, when the trench in which he was working collapsed. The Honorable Paul A. Zavarella, President Judge of the Court of Common Pleas of Allegheny County, has assigned this court as a committing magistrate to preside over the preliminary hearing. Presently before the court is defendants’ motion to dismiss.
Defendants in this case contend that the criminal charges of involuntary manslaughter should be dismissed in that the supremacy clause of the United States Constitution (Art. VI, cl. 2) dictates that the Occupational Safety and Health Act (29 U.S.C. §651 et. seq.) pre-empts the involuntary manslaughter charges arising from this incident. Defendants claim that Congress intended to expressly pre-empt state law in this area and cite 29 U.S.C. §667(a) and (b):
“(a) Nothing in this chapter shall prevent any State agency or court from asserting jurisdiction *102 under State law over any occupational safety or health issue with respect to which no standard is in effect under section 655 of this title.
“(b) Any State which, at any time, desires to assume responsibility for development and enforcement therein of occupational safety and health standards relating to any occupational safety or health issue with respect to which a Federal standard has been promulgated under section 655 of this title shall submit a State plan for the development of such standards and their enforcement.”
Defendants contend that because Pennsylvania did not receive approval from OSHA officials pursuant to the above statute, the charges must be dismissed. Defendants also argue in the alternative that implied pre-emption exists because congress has shown an intent to occupy this field by creating a scheme of regulations that is so dominant that there is no room for the states to supplant it; and in addition, that pre-emption exists here because state law actually conflicts with federal law.
Although the Commonwealth and defendants have thoroughly briefed this area of law, apparently controlling Pennsylvania authority does not exist and it appears that this may be a matter of first impression in the Commonwealth. An examination of case law from other jurisdictions cited by the parties persuades the court that OSHA does not pre-empt the application of state criminal laws simply because the conduct in question occurs in the workplace where safety and health standards exist to protect workers in their occupations.
The claim that state criminal prosecutions for involuntary manslaughter arising out of workplace conduct would create safety standards unapproved by OSHA under section 667 is rejected. The statement of findings and declaration of purpose and policy found in section 651 of the Occupational *103 Safety and Health Act indicates an overall goal of establishing guidelines for a safe workplace. It is not the purpose of the Crimes Code to establish safe workplace standards, rather it is generally “To forbid and prevent conduct that unjustifiably inflicts . . . substantial harm to individuals or public interest” (Crimes Code, section 104), and specifically in this case, prohibit “the doing of a lawful act in a reckless or grossly negligent manner” (Crimes Code, section 2504(a)). The prohibition contained in section 2504(a) applies to all persons in the Commonwealth regardless of where and when the conduct takes place. To argue that a person who commits reckless or grossly negligent conduct in the workplace is insulated from criminal prosecution and is subject to the less severe penalties contained in section 666 of the OSHA flies in the face of reason. Such a premise would exempt criminal acts in the workplace from prosecution and would hold such persons to a lower standard of conduct than that applied to all other citizens of the Commonwealth.
For the foregoing reasons, defendant’s motion to dismiss will be denied.
ORDER
And now, October 24, 1990, it is ordered that defendants’ motion to dismiss be and the same is hereby denied.